# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 18-2904 PA (FFMx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | Jason Cooper, et al. v. Ford Motor Company, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Ford Motor Company ("Ford"). In the Notice of Removal, Ford asserts that this Court has jurisdiction over the action brought against it and Santa Maria Ford Lincoln ("Santa Maria Ford") by plaintiffs Jason Cooper and Jessica Cooper ("Plaintiffs") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

According to the Notice of Removal, "[a]t the time of the filing of this action and the filing of this Notice of Removal, Defendant FORD MOTOR COMPANY is incorporated in and a citizen of Delaware with its principal place of business in Michigan. SANTA MARIA FORD LINCOLN, upon

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 18-2904 PA (FFMx) | Date | April 10, 2018 |
|---|---|---|---|
| Title | Jason Cooper, et al. v. Ford Motor Company, et al. | | |

information and belief, is a citizen of the State of California, but it has no real interest in this matter as it is being indemnified by FORD MOTOR COMPANY. As a consequence, SANTA MARIA FORD LINCOLN is fraudulently joined and/or is a nominal defendant for the purposes of diversity analysis." (Notice of Removal ¶ 5.) The Ninth Circuit has recognized an exception to the complete diversity requirement where a non-diverse defendant has been "fraudulently joined." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See, e.g., Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'" Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

At least on this record, which contains no legal authority for the proposition that one defendant's willingness to indemnify a local and diversity-destroying defendant renders that defendant a nominal or fraudulently joined party, this Court cannot conclude that Santa Maria Ford is fraudulently joined. Defendants have therefore failed to meet their burden to have this Court ignore the citizenship of Santa Maria Ford and the Court accordingly concludes that Ford has not established that the citizenship of Santa Maria Ford is diverse from Plaintiffs.

For all of the foregoing reasons, Ford has failed to meet its burden to demonstrate the Court's diversity jurisdiction. Accordingly, the Court remands this action to Los Angeles Superior Court, Case No. BC695978. See 28 U.S.C. § 1447(c). The Ex Parte Application to Stay (Docket No. 6) is denied as moot.

IT IS SO ORDERED.